**Exhibit 1**

**From: NOAH BUHAYAR, BLOOMBERG/ NEWSROOM/ SEATTLE**
**To: foia@cfpb.gov**
**Subject: FOIA request from Bloomberg News**
**Date: 10/09, 2025 11:37:06**

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Noah Buhayar
Position: Investigative Reporter
Address:                                                    Seattle, WA 98101

I request disclosure from the Consumer Financial Protection Bureau Office of Enforcement of the following records:

Closing letters referencing the agency's investigation into Veripro Solutions (part of Mr. Cooper Group), Specialized Loan Servicing (part of Newrez) or FCI Lender Services about non-performing second-lien mortgages, often referred to as "zombie second mortgages." Closing memorandums referencing the final decision to close an investigation into Veripro Solutions, Specialized Loan Servicing or FCI Lender Services over zombie second mortgages.

The time frame for all three requests is Jan. 20, 2025, through the date the search for responsive records is conducted. You may withhold press clippings and news releases from the search for responsive records.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

EXPEDITED PROCESSING

There is an urgency to inform the public about government activity in this area. As multiple media outlets have reported, thousands of homeowners across the US have faced collection attempts on old second mortgages they had good reason to believe were no longer due. Scores of lawsuits across the US have alleged servicing companies and mortgage note investors violated the law by making attempts to collect time-barred debt and back interest for periods of time when periodic statements weren't sent. The CFPB's actions relating to enforcing laws relevant to these loans are of interest to the hundreds of thousands of consumers who still have these liens on the title for their homes.

As stipulated in 15 CFR 4.6(f), requests for information can be "taken out of order and given expedited treatment whenever it is determined that they involve… an urgency to inform the public about an actual or alleged Federal government activity, if made by a person primarily engaged in disseminating information." As I have established above, this matter concerns an actual government activity. As an investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public. I certify the foregoing to be true and correct to the best of my knowledge and belief.  _/s/_____NB_____ Noah Buhayar

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am an investigative reporter for Bloomberg News. Additionally, my reporting has been published in The Wall Street Journal and The Financial Times. I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

From: CFPB_FOIA@cfpb.gov At: 10/14/25 09:59:53 UTC-7:00
To:  Noah Buhayar (BLOOMBERG/ NEWSROOM/ )
Subject: Consumer Financial Protection Bureau FOIA Request (CFPB-2026-0048-F)

Dear Noah Buhayar,

Please see the attached acknowledgement letter that references your FOIA request dated October 9, 2025 that was submitted to the Consumer Financial Protection Bureau (CFPB).

If you have any questions or concerns, please do not hesitate to contact the Bureau's FOIA Service Center at 1-855-444-FOIA (3642) or FOIA@consumerfinance.gov.

Thank you.

Matthew Layman


**From: NOAH BUHAYAR, BLOOMBERG/ NEWSROOM/ SEATTLE**
**To: CFPB_FOIA@cfpb.gov**
**To: FOIA@consumerfinance.gov**
**Subject: Re:Consumer Financial Protection Bureau FOIA Request (CFPB-2026-0048-F)**
**Date: 11/07, 2025 11:04:21**

Thank you for this acknowledgement. I'm formally requesting an estimated date of completion for this FOIA request dated Oct. 9, 2025.

Best Regards,
Noah


**From: NOAH BUHAYAR, BLOOMBERG/ NEWSROOM/ SEATTLE**
**To: CFPB_FOIA@cfpb.gov**
**To: FOIA@consumerfinance.gov**
**Subject: Re:Consumer Financial Protection Bureau FOIA Request (CFPB-2026-0048-F)**
**Date: 12/12, 2025 12:19:02**

Matthew,

Please provide me with estimated dates of completion for all of my open requests as I intend to begin the process of litigation to close them out and receive responsive records.

As CFPB knows, when requesting an estimated date of completion 5 U.S.C. § 552(a)(7) states, in pertinent part, "Each agency shall... provide[ ] information about the status of a request to the person making the request..., including... an estimated date on which the agency will complete action on the request."

Pursuant to this statute, I hereby formally request that CFPB provides me with a written estimated date on which the agency will complete action on all of my FOIA requests. A mere statement of the request's place in your queue will not satisfy this status request. Similarly, a

statement that the agency has a significant backlog of requests and cannot provide an estimated date of completion will not satisfy this status request. Only "an estimated date on which the agency will complete action on the request" will satisfy this status request and the agency's statutory responsibility.

Thanks,
Noah


**From: Matthew.Layman@cfpb.gov**
**To: NOAH BUHAYAR, BLOOMBERG/ NEWSROOM/ SEATTLE**
**Subject: CFPB-2026-0048-F Estimated Completion Date**
**Date: 12/15, 2025 09:35:12**

Good afternoon,

Thank you for your inquiry regarding the status of your FOIA request at the CFPB, CFPB-2026-0048-F. This request is currently the 306th open request out of 420 open requests at the CFPB.

However, I do anticipate this request will be completed within the next 2-4 weeks and potentially sooner, based on its current status and progress.

Thank you for your patience.

Matthew Layman

FOIA Analyst (Contractor) | Operations
Consumer Financial Protection Bureau
consumerfinance.gov


**From: NOAH BUHAYAR, BLOOMBERG/ NEWSROOM/ SEATTLE**
**To: Matthew.Layman@cfpb.gov**
**Subject: Re:CFPB-2026-0048-F Estimated Completion Date**
**Date: 01/23, 2026 13:01:05**

Matthew,

What is the estimated date of completion for my request? Has the search for records ben completed? How many pages of records were located in response to the search? Has an analyst been assigned to the request? Please explain what steps you have taken to process my request and what additional steps you plan to take within the next 6 months to process the request.

Thank You,
Noah

**Exhibit 2**



1700 G Street NW, Washington, D.C. 20552

RE: FOIA Request #CFPB-2026-0048-F

October 14, 2025

Noah Buhayar
BLOOMBERG

*Via email: nbuhayar@bloomberg.net*

Dear Noah Buhayar:

This letter is to inform you that on October 9, 2025, the Consumer Financial Protection Bureau (CFPB) received your Freedom of Information Act (FOIA) request dated October 9, 2025. Your request sought:

> I request disclosure from the Consumer Financial Protection Bureau Office of Enforcement of the following records:
>
> 1. Closing letters referencing the agency's investigation into Veripro Solutions (part of Mr. Cooper Group), Specialized Loan Servicing (part of Newrez) or FCI Lender Services about non-performing second-lien mortgages, often referred to as "zombie second mortgages."
>
> 2. Closing memorandums referencing the final decision to close an investigation into Veripro Solutions, Specialized Loan Servicing or FCI Lender Services over zombie second mortgages.
>
> The time frame for all three requests is Jan. 20, 2025, through the date the search for responsive records is conducted. You may withhold press clippings and news releases from the search for responsive records.

Please be advised that the CFPB FOIA Office has a backlog of pending FOIA requests. We are diligently working to process each request in the order in which it was received. Your patience is greatly appreciated.

As it relates to your fee waiver request, your request will be held in abeyance pending the quantification of responsive records. The CFPB FOIA regulations, set forth six factors to examine in determining whether the applicable legal standard for a fee waiver has been met: (1) Whether the subject of the requested records concerns, "the operations or activities of the government"; (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) Whether disclosure of the requested information will

**consumerfinance.gov**

contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons; (4) Whether the contribution to public understanding of government operations or activities will be "significant;" (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and (6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor. If any responsive records are located, we will consider these factors in our evaluation of your request for a fee waiver.

You have been determined to be an media requester and provisions of the FOIA allow the CFPB to recover part of the cost of complying with your request. You will be charged for the duplication (after the first 100 pages) costs in accordance with the CFPB FOIA regulations as applicable to media requesters. The CFPB's FOIA Fee Schedule may be viewed at [www.consumerfinance.gov/foia-requests/fee-schedule/](www.consumerfinance.gov/foia-requests/fee-schedule/). You did not indicate in your request a specific amount you were willing to pay. The Bureau does not charge fees to search for and review records when those fees total less than $250. Therefore, in accordance with our regulations, you will be contacted in the event the Bureau anticipates that the fees related to the processing of your request will total $250 or more.

As it relates to your request for expedited treatment, under the CFPB FOIA regulation, expedited processing of a FOIA request is warranted if the request involves circumstances in which the lack of expedited treatment "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or, if the request is made by a person primarily engaged in disseminating information, "an urgency to inform the public concerning actual or alleged federal government activity." Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request (see 12 C.F.R. § 1070.17(b)(3)) and that statement must be certified by the requester to be true and correct.

Your request for expedited processing is denied because you do not qualify for either category.

You have failed to demonstrate circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. Additionally, you failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the publics right to know about government activity generally. Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

You may appeal any of the responses or decisions set forth above. If you choose to file an appeal, you must do so within 90 calendar days from the date of this letter. Your appeal must be in writing, signed by you or your representative, and should contain the rationale for the appeal. You may send your appeal via the mail (address below) or email (foia@consumerfinance.gov).

Your appeal should be addressed to:

**consumerfinance.gov**

Consumer Financial Protection Bureau
Attention: General Counsel (c/o Chief FOIA Officer)
Freedom of Information Appeal
1700 G Street, NW
Washington, DC  20552

For inquiries concerning your request, please reference your FOIA request number above and contact our FOIA Public Liaison via email at FOIA@consumerfinance.gov or by phone at 1-855-444-FOIA (3642).

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, MD 20740; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Danielle Duvall Adams
FOIA Manager
Office of Administrative Operations

**consumerfinance.gov**